IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | * |
| Petitioner, | * |
| v. | *   CV 620-115 |
| | *   MC 624-001 |
| BRIAN ADAMS, Warden, | * |
| Respondent. | * |

**O R D E R**

On August 26, 2024, this Court directed Petitioner to show cause as to why filing restrictions should not be imposed upon him, including having his filings placed in a miscellaneous case ("MC") because of his vexatious behavior which is violative of a previous filing injunction imposed against Petitioner. See Daker v. Adams, 6:20-cv-115, doc. 114 (S.D. Ga. Aug. 26, 2024). Petitioner responded to that Order on November 20, 2024, (6:20-cv-115, doc. 123), and requested to exceed the page limitation, (6:20-cv-115, doc. 124). As discussed below, the Court has considered all of the arguments in Daker's response. His Motion to Exceed Page Limitations is, therefore, **GRANTED**. (6:20-cv-115, doc. 124.)

Before the Court determines whether filing restrictions must be imposed, it must address an administrative error which has occurred. In his Response, (6:20-cv-115, doc. 123), Petitioner

noted the "Court and Clerk improperly applied the second filing injunction even before Daker had an opportunity to respond to it." (Id. at 23.) Indeed, the Clerk appears to have prematurely opened In Re Daker, 6:24-mc-001, doc. 1 (S.D. Ga. Aug. 26, 2024), before the undersigned assessed whether Petitioner may avoid filing restrictions by showing cause. This appears to be merely an administrative error. Because each item filed by Daker since the creation of the miscellaneous case is also docketed in the appropriate case as well, there has been no harm to Petitioner. (See, e.g., Daker v. Ward, 6:22-cv-036, doc. 39 (S.D. Ga. March 7, 2024); In re Daker, 6:24-mc-001, doc. 2 (S.D. Ga. Aug. 26, 2024).) Nevertheless, the Clerk is **DIRECTED** to discontinue filing Petitioner's papers in In re Daker, 6:24-mc-001, doc. 2 (S.D. Ga. Aug. 26, 2024), and to **CLOSE** that MC case. The present order renders the premature creation of that case defunct.

**I.   Daker's Vexatiousness Prompted Filing Restrictions.**

On January 26, 2023, this Court permanently enjoined Petitioner from filing any new lawsuit or petition in this District without first posting a $1,500 contempt bond in addition to paying the filing fee. See 6:22-cv-36, doc. 24 (S.D. Ga. January 26, 2023). Daker was instructed to "refrain from filing frivolous or duplicative pleadings or motions in this District," and he was warned that "his failure to so refrain may result in the imposition of additional sanctions." Id. at 6. The Court further warned:

> If any of Daker's filings are deemed frivolous or duplicative, the presiding judge may, after notice to Daker and an opportunity to respond, impose a contempt sanction against Daker to be paid from the contempt bond. In the event of such a sanction, Daker will not be allowed to file any further complaints or petitions unless and until the contempt bond is replenished to the amount of $1,500.

Id. On March 23, 2023, the Court incorporated the injunction entered in 6:22-cv-36 into other cases filed by Daker and directed him to pay a $1,500 contempt bond before his cases could proceed. See, e.g., Daker v. Adams, 6:22-cv-37, doc. 61 (S.D. Ga. March 23, 2023). Petitioner was directed to pay the required contempt bond or file objections to the application of the bond within fourteen days of that incorporation. Id., p. 3. He did not timely pay that bond, and his cases which incorporated the injunction were dismissed. See id., doc. 67 (S.D. Ga. May 9, 2023).

Then, because of Daker's continued vexatiousness, as well as his frivolous filing of meritless motions within his existing cases, this Court ordered him to show cause why the following filing restrictions should not be imposed:

1. As to any of Petitioner's future filings, the Clerk **SHALL** open a single miscellaneous file for tracking purposes, and, upon receipt of any filing from Petitioner, forward the filing to the presiding judge, who will determine whether the filing has any arguable merit. Only if the filing alleges a plausible claim for relief and, as applicable, complies with the Court's permanent

injunction mentioned above, will the Court allow it to be filed. Any filings that fail to do so will be **DISMISSED** without any further judicial action after **THIRTY (30) DAYS** from the date the Clerk receives the filing unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997). Thus, although the Court will read and consider all of Petitioner's future filings, it will not necessarily enter an order addressing each one. If no order is forthcoming, then **THIRTY (30) DAYS** after the filing's receipt, the Clerk **SHALL**, without awaiting any further direction, notify Petitioner his motion, petition, or case has been dismissed without prejudice.

2. The Clerk **SHALL NOT DOCKET** any further filings in this case or any other of Petitioner's closed cases before this Court except for a notice of appeal. If Petitioner files a notice of appeal, the Clerk **SHALL** forward a copy of this Order, the notice of appeal, and the dismissed complaint to the Eleventh Circuit. Petitioner **SHALL** remain responsible for appellate filing fees, or he may move the Court to grant *in forma pauperis* ("IFP") status on appeal. If any of Petitioner's closed cases are reopened pursuant to successful appeal by Petitioner, then the Clerk **SHALL** resume normal docketing procedures for that case only.

3. This Order **shall** also apply to Petitioner's pending motion in Daker v. Adams, No. CV 622-037, Doc. 90 (S.D. Ga. Mar. 7, 2024), and the Clerk is **DIRECTED** to docket the pending motion under the new miscellaneous case number, forward it to the presiding judge for review, and terminate it from the docket in No. CV 622-037 (S.D. Ga. May 24, 2022).[1]

4. To ensure Petitioner's future filings are properly consolidated for review, the Clerk **SHALL** personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring all of Petitioner's future filings are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office receives and dockets the papers. Furthermore, a copy of this Order **shall** be filed in all of Petitioner's closed cases.

5. Petitioner may file a motion to modify or rescind the imposition of these restrictions **NO EARLIER THAN ONE (1) YEAR** from the date of this Order.

6. These filing restrictions do not apply to any criminal or civil case in which Petitioner is named as a defendant or to any new, proper application for a writ of habeas corpus.

7. A copy of this Order **SHALL** be forwarded to each judicial officer in this District.

---

[1] This direction has expired and is no longer applicable. The **Clerk** is **DIRECTED** to disregard it, and instead review the directions contained at the conclusion of this Order.

(See 6:20-cv-115, doc. 114, pp. 20-22).

Daker's arguments against the imposition of filing restrictions have been reviewed, (see 6:20-cv-115, doc. 123), but they do not show cause why the restrictions should not be imposed. They only highlight their necessity.

## II. Daker's Arguments Against Filing Restrictions Fail.

Daker asserts eight reasons why the restrictions should not be imposed: (1) the restrictions are superfluous, given Daker has not filed new cases since the prior injunction was entered against him; (2) the second injunction constitutes retaliation against Daker; (3) it denies Daker access to courts; (4) his litigation has not been frivolous; (5) the Court's definition of frivolous is overly broad; (6) the legal standard for entering a filing injunction against Daker is not met; (7) the "magistrate's" proposed injunction is overbroad; and (8) the filing injunction was applied prematurely. (See generally, 6:20-cv-115, doc. 123.)

Daker claims that there is "no need" for the present filing restriction, which he terms the "second filing injunction," because he has not filed any new cases since January 26, 2023. (Doc. 123, p. 3.) Daker also claims he has satisfied the requirement of the first injunction by paying the contempt bond. (Id.) He argues his litigation in this court has not been frivolous by claiming that "none of [his] cases in this district have been dismissed as frivolous, malicious, or for failure to

6

state a claim." (Id. at 10). He then provides the Court with his own definition of what constitutes a frivolous complaint.

    A.  *Daker's Vexatiousness is Well Documented Despite Few Frivolity Dismissals.*

Daker's assertion that he has very few "frivolity" dismissals is a misnomer. His litigation history is well documented in this Court and in every other federal court in Georgia, as well as some of its state courts. He is not fooling anyone.[2] Primarily, the reason his Complaints were not dismissed from this Court for frivolity is because so many of his cases were dismissed in other districts under 28 U.S.C. § 1915(e)(2) before he began filing cases here, that shortly after he began his assault upon this Court in 2014, his attempts to file cases in forma pauperis in this district failed, and they were dismissed pursuant to 28 U.S.C. § 1915(g). See, e.g., Daker v. United States, 6:15-cv-049, doc. 19 (S.D. Ga. May 26, 2017), adopted by doc. 23 (S.D. Ga. Nov. 14, 2017); Daker v. Bryson, 6:16-cv-57, doc. 10 (S.D. Ga. Jan. 19, 2017) adopted by doc. 17 (S.D. Ga. March 20, 2017); Daker v. United States, 4:16-cv-158, doc. 37 (S.D. Ga. May 26, 2017), adopted by doc. 42 (S.D. Ga. February 16, 2018); Daker v. Dozier, 6:17-cv-110, doc. 4 (S.D.

---

[2] The Eleventh Circuit has acknowledged that Daker has "clogged the federal courts with frivolous litigation" for decades." Daker v. Comm'r. Ga. Dep't of Corr. 820 F.3d 1278, 1281 (11th Cir. 2016); Daker v. Robinson, 802 F. App'x 513, 514 (11th Cir. 2020). The Court takes judicial notice of his behavior around the state, and in part relies upon those determinations to provide minimal leeway to Daker's nefarious intentions. This strictness is not to be confused with "retaliation."

Ga. Oct. 5, 2017) adopted by doc. 14 S.D. Ga. Jan. 29, 2018); Daker v. Dozier, 6:18-cv-032 doc. 19 (S.D. Ga. March 7, 2019) adopted by doc. 23 (S.D. Ga. March 29, 2019); and Daker v. Dozier, 6:18-cv-73, doc. 13 (S.D. Ga. March 7, 2019) adopted by doc. 16 (April 9, 2019); but see Daker v. Head, 6:14-cv-47, doc. 68 (S.D. Ga. April 6, 2018) (vacated and remanded, reversing Court's §1915(g) finding, but later ordering sanctions against Daker, see doc. 484, and dismissing for failure to comply with court order, see doc. 505). One of those was dismissed also for dishonesty and abuse of judicial process, a ruling which was upheld in the Eleventh Circuit. See Daker v. Dozier, 6:17-CV-110 doc. 4, p.7 (S.D. Ga. Oct. 5, 2017) adopted by doc. 14 (S.D. Ga. Jan. 29, 2018), affirmed by Daker v. Comm'r of Georgia Dep't of Corr., 2022 WL 2813248, at *2 (11th Cir. July 19, 2022). Regardless of their nature, those cases obviously cannot be dismissed on 28 U.S.C. § 1915(e)(2) frivolity grounds, for failure to state a claim, or as duplicative because they were dismissed after Daker failed to show he was at risk of imminent danger and thus was barred from filing them for that reason.[3] Nevertheless, the dismissals do not indicate that Daker files meritorious claims or a lack of frivolity. Moreover,

---

[3] 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.")

his persistence in attempting to file those cases in forma pauperis, despite repeated findings that he was barred, established their frivolity.

Since Daker has begun paying filing fees and is no longer subject to the three-strikes provision contained in 28 U.S.C. § 1915(g), some of his complaints survive early screenings under Section 1915(e)(2) and thus are sometimes not termed "frivolous" for that reason but are nonetheless representative of abusive tactics in other ways. In many of these cases, the Court has dismissed Daker's Complaint due to his failure to comply with Court orders. See, e.g., Daker v. Head, 6:14-cv-47, doc. 505 (S.D. Ga. Sept. 30, 2022); Daker v. Bryson, 6:17-cv-079, doc. 30 (S.D. Ga. September 18, 2017) adopted by doc. 42 (S.D. Ga. Dec. 6, 2017); Daker v. Adams, 6:22-cv-37, doc. 64 (S.D. Ga. April 14, 2023) adopted by doc. 67 (S.D. Ga. May 9, 2023); Daker v. Ward, 6:22-cv-36, doc. 6 (S.D. Ga. Oct. 6, 2022) adopted by doc. 24 (S.D. Ga. January 26, 2023); see also doc. 25 (S.D. Ga. February 16, 2023); Daker v. Dozier, 6:22-cv-072, doc. 8 (S.D. Ga. December 20, 2022) adopted by doc. 18 (S.D. Ga. May 2, 2023). And though Daker alleges that none of his cases in this district have been dismissed as "duplicative, frivolous, and abusive," (doc. 123, p. 10), Daker v. Ward, 6:21-cv-003 (S.D. Ga. Jan. 11, 2021) was indeed dismissed in part as duplicative, and in part because it was a shotgun pleading, see 6:21-cv-003, doc. 38 (S.D. Ga. Jan. 3, 2023)—a fact

9

which Daker simultaneously concedes in his Response, (6:20-cv-115, doc. 123, p. 9). Thus, despite his statements, he indeed files duplicative, and thus "frivolous," complaints. See also, Daker v. Bryson, 841 F. App'x 115, 121 (11th Cir. 2020) (recognizing the Daker I & Daker II contained duplicative claims, which were reasserted in Daker v. Ward, 6:21-cv-003).[4]

Other various Complaints contain duplicative allegations even though their duplication is difficult for the Court to parse, given the Complaints are tedious and lengthy. Although the Court will not exhaustively seek each duplicative assertion, it is no secret that Daker's allegations stem from the same handful of fact patterns. See, e.g., Daker v. Head, 6:14-cv-47, doc. 98 (S.D. Ga. Dec. 20, 2019) (recommending dismissal Daker's religious exercise RLUIPA claim and ordering service as to Daker's forced shavings excessive force claim); Daker v. Ward, 6:21-cv-003, doc. 38, p. 5 (S.D. Ga. January 3, 2023) ("Plaintiff has litigated his RLUIPA claims many times and for many years." (citing Daker v. Ward, 999 F.3d at 1302 n. 1 and Daker v. Wetherington, 1:01-cv-3257 (N.D. Ga. Nov. 28, 2001))); see also Daker v. Owens, 5:12-cv-459, doc. 1 (M.D. Ga. Nov. 20, 2012) ("Daker I") (making "colorable First Amendment, Due Process, and RLUIPA claims"); Daker v. Bryson,

---

[4] Also, as described herein, those claims are based in the same facts as Daker's earliest cases here, see Daker v. Head, 6:14-cv-47 doc. 1 (S.D. Ga. May 19, 2014) (complaining of classification assignment, law library restriction, forcible shavings, deliberate indifference, denial of religious liberty, and mail delay).

10

5:16-cv-538, doc. 17 at 7 (M.D. Ga. June 8, 2017) ("In this case ["Daker II"], almost every single allegation related to the conduct of the GDC Defendants and the Doe Defendants is clearly and directly duplicative of the allegations Plaintiff made in the superseding amended complaint in Daker I"), modified on reconsideration sub nom. Daker v. Comm'r Homer Bryson, 5:16-cv-538, doc. 27, 2017 WL 3584910 (M.D. Ga. Aug. 17, 2017), and aff'd, 841 F. App'x 115 (11th Cir. 2020)); see also Daker v. Allen, 4:17-cv-106, doc. 1 (S.D. Ga. June 19, 2017); Daker v. Allen, 6:18-cv-040, doc. 1 (S.D. Ga. April 9, 2018); Daker v. Allen, 6:17-cv-090, doc. 1 (S.D. Ga. July 3, 2017); Daker v. Allen, 6:18-cv-019, doc. 1 (S.D. Ga. Oct. 23, 2017); and Daker v. Allen, 6:17-cv-023, doc. 111 (S.D. Ga. March 30, 2018) (Daker's arguments that his placement in Tier II segregation violated the First Amendment and RLUIPA, [i.e., those in his "Daker v. Allen" actions] should be consolidated because each case alleged common questions of law and fact), adopted by doc. 113 (S.D. Ga. March 30, 2018) and consolidated for review.) At times, instead of deciphering Daker's rants, the Court more immediately encounters alternative reasons why he is not entitled to pursue the relief he seeks. See Daker v. Allen, 6:17-cv-023, doc. 246 (S.D. Ga. March 3, 2020) (recommending dismissal partly for failure to exhaust, and in other part because the dispute was not justiciable) adopted by doc. 252

(S.D. Ga. March 24, 2020). Thus, those cases are also not dismissed as "frivolous" but are nonetheless frivolous.

Additionally, among the cases where Daker disputes frivolity findings, there are at least 15 cases seeking relief under 28 U.S.C. § 2254, wherein Daker seeks relief from Tier II confinement. Those cases are not screened pursuant to 28 U.S.C. § 1915 for frivolity, but instead are reviewed under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts to determine whether "it plainly appears" . . . "that the moving party is not entitled to relief." In those instances, frivolity in the 28 U.S.C. § 1915(e)(2)(b) sense is, again, not on the table as a viable reason for dismissal. His filings in these cases are nonetheless frivolous and abusive. In other words, Daker's argument that the cases he files were not dismissed as frivolous simply misses the mark.

Furthermore, despite his assertion that none of his cases were "dismissed for failure to state a claim," some cases in which Daker joined or attempted to join as a party were, in fact, dismissed for failure to state a claim. See Daniels v. Upton, 6:16-cv-94, doc. 1 (S.D. Ga. July 7, 2016); Gandy v. Bryson, 5:16-cv-044, doc. 1 (S.D. Ga. June 9, 2016). His attempts to intervene in those cases constitute attempts to manipulate the judicial process in themselves. See Daker v. Ward, 999 F.3d 1300, 1303 (11th Cir. 2021) ("Daker has also attempted without success to

12

intervene in civil actions filed by other Georgia prisoners, in part because his motions were deemed efforts to circumvent the requirement to pay a filing fee." (citing Daker v. McLaughlin, 806 F. App'x 939, 940 (11th Cir. 2020) and Gandy v. Bryson, 799 F. App'x 790, 792 (11th Cir. 2020) (concluding district court correctly denied Daker's motion to intervene because Daker was required under the PLRA to pay a separate filing fee))); see also, e.g., In re Daker, 2024 WL 689769, at *11 (N.D. Ga. Feb. 20, 2024) (countering Daker's assertion that cases filed by other prisoners in which he moved to intervene should not be considered when imposing injunction).

Finally, even when his cases are dismissed, he "does not take 'no' for an answer" and "multiplies the litigation by filing frivolous motions for reconsideration and frivolous interlocutory appeals." Watkins v. Dubreuil, 820 F. App'x 940, 947 (11th Cir. 2020). As succinctly stated by the Northern District, "[t]he problem that this Court has identified is that Daker has burdened the judicial system with his repeated, frivolous pleadings, and filing, for example, thirty-two habeas corpus petitions, the vast majority of which were improperly filed, obviously adds to that burden." In re Daker, 2024 WL 689769, at *11. For example, in Daker v. Bland, 6:20-cv-090, Daker filed 15 post judgment papers on the docket, exclusive of his appeals. See also, Daker v. Ward, 6:22-cv-37, doc. 100, p. 15 (S.D. Ga. Nov. 22, 2024) ("Since his

13

first Notice of Appeal on June 6, 2023, Petitioner has filed ten post-judgment documents, including the Motion to Vacate, (doc. 75), which he filed simultaneously with his Notice of Appeal."). When attempts are made to hold Daker accountable, he blames the Court for "retaliation," and files repetitive motions to recuse, as he has here. (See, e.g., doc. 123, p. 3-4.)

Thus, despite there being few dismissals based explicitly on frivolity alone, Daker's filings create disfunction in the Court in at least four ways: (1) he misleads the Court in representing his filing history, by, for example, stating he has no history of filing duplicative cases when he does; (2) he files duplicative complaints which are so exhaustingly lengthy that often other issues, including his own vexatiousness, arise and mandate dismissal before the merits of his claim are even deciphered; (3) he fails to comply with rudimentary court orders; and (4) he files frivolous post-judgment motions which impede the Court's ability to function. Stated differently, Daker has persuaded the Court that not only are his Complaints frivolous because they are duplicative, his Response to the Order to Show Cause also verifies his behavior is malicious. Daker v. Bryson, 841 F. App'x 115, 121 (11th Cir. 2020) ("Black's defines malicious abuse of process as "the improper . . . use of a legitimately issued court process to obtain a result that is either unlawful or beyond the process's scope." (citing Malicious Abuse of Process, Black's Law Dictionary

(11th ed. 2019); Abuse of Process, Black's Law Dictionary (11th ed. 2019)); see also Mathis v. Smith, 181 F. App'x 808, 809-10 (11th Cir. 2006) ("When considering the issue of frivolity, 'a litigant's history of bringing unmeritorious litigation can be considered.'" (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001))).

   B.   *The Second Filing Injunction is Justified.*

The Court has an obligation to protect its jurisdiction from conduct which impairs its ability to carry out Article III functions. See Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Appellate courts have upheld orders which limited a pro se plaintiff's access to the courts. See In re Martin-Trigona, 1261 (2d Cir. 1984) (holding that "[f]ederal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions"); Peck v. Hoff, 660 F.2d 371 (8th Cir. 1981); Green v. Carlson, 649 F.2d 285 (5th Cir. 1981). The Supreme Court has clearly recognized the validity of these judicially ordered curbs on abusive litigation. See In re McDonald, 489 U.S. 180, 184 n. 8 (1989). This circuit has specifically recognized the power of district courts to strictly control the access which abusive litigants have to judicial resources. See Martin-Trigona v. Shaw, 986 F.2d 1384 (11th Cir. 1993); Copeland v. Green, 949 F.2d 390 (11th Cir. 1991); Cofield v. Alabama Public Service

15

Commission, 936 F.2d 512 (11th Cir. 1991); Procup, 792 F.2d 1069 (11th Cir. 1986). As noted in Procup,

> Occasionally a particularly abusive prisoner, taking advantage of his unique situation, will come along with a flood of claims designed to either harass those in positions of authority or to grind the wheels of the judicial system to a halt. No matter how efficient a court's administrative procedures may be, when one litigant files upwards of a lawsuit a day, the claims of other litigants necessarily suffer. Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge.

Procup, 792 F.2d at 1071-72. Perhaps there was never a better candidate for filing restrictions than Waseem Daker, who epitomizes the "particularly abusive prisoner" described above. The Court must restrict his ability to wreak havoc on judicial resources. Even though he is no longer housed in this District and therefore has not filed new cases in this District since 2023, if he is transferred back, the Court must be prepared to review his activity in a manner which is efficient, but which also does not deny Daker access to the Courts. The filing restriction will allow the Court to decipher whether Daker seeks to file duplicative and malicious claims without being forced to entertain his abuse.

  C. *Sanctions Pursuant to the Injunction Are Also Necessary.*

  Despite prior attempts, Daker has not been dissuaded from engaging in abusive behavior by the entrance of the filing injunction entered against him on January 26, 2023. Even after

16

the injunction entered, he continued to file frivolous motions, including motions for recusal, within his cases. Consequently, Daker not only cost the Court more precious resources warranting filing restrictions, but he has violated the prior injunction order by, <u>inter alia</u>, filing frivolous post-judgment motions <u>Daker v. Ward</u>, 6:22-cv-37. Daker was previously warned that "his failure to [] refrain [from filing frivolous or duplicative pleadings or motions in this District] may result in the imposition of additional sanctions." <u>Daker v. Ward</u>, 6:22-cv-36, doc. 24 at 6 (S.D. Ga. January 26, 2023). As noted by this Court in <u>Daker v. Adams</u>, 6:22-cv-037, doc. 100 at 16, those sanctions are warranted in addition to the filing restrictions so that it is apparent to Daker that he may not file abusive and malicious motions with impunity.

Pursuant to the terms of the Injunction, a contempt sanction, to be paid from the contempt bond, is warranted. <u>See</u> Daker v. Ward, 6:22-cv-036, doc. 24 (S.D. Ga. Jan. 26, 2023) ("If any of Daker's filings are deemed frivolous or duplicative, the presiding judge may, after notice to Daker and an opportunity to respond, impose a contempt sanction against Daker to be paid from the contempt bond.")[5] <u>Daker is hereby **ORDERED** to **SHOW CAUSE** why a contempt sanction, to be paid from the contempt bond, in the amount</u>

---

[5] Petitioner's "Declaration" of payment of the contempt bond was cross-docketed, 6:22-cv-099, <u>see</u> doc. 99; <u>see also</u> 6:20-cv-115, doc. 116 (S.D. Ga. Sept. 24, 2024); 6:22-cv-36, doc. 44 (S.D. Ga. Oct. 10, 2024).

of $1500 should not be assessed against him. But because costs appear to fail to deter Daker's abusiveness, his filings will also be restricted, not only to protect the Court from Daker's filing of new cases, but to protect itself from his filing of malicious motions. The Clerk is **DIRECTED** to place this Order, Daker's Response to this Order, as well as any other paper filed by Waseem Daker, in a newly created MC and, as discussed above, to terminate and **CLOSE** the mistakenly created In Re Daker, 6:24-mc-001, doc. 1 (S.D. Ga. Aug. 26, 2024). From this day forward:

1. As to any of Petitioner's future filings, the Clerk **SHALL** open a single miscellaneous file for tracking purposes, and, upon receipt of any filing from Petitioner, forward the filing to the presiding judge, who will determine whether the filing has any arguable merit. Only if the filing alleges a plausible claim for relief and, as applicable, complies with the Court's permanent injunction mentioned above, will the Court allow it to be filed. Any filings that fail to do so will be **DISMISSED** without any further judicial action after **THIRTY (30) DAYS** from the date the Clerk receives the filing unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997). Thus, although the Court will read and consider all of Petitioner's

18

future filings, it will not necessarily enter an order addressing each one.  If no order is forthcoming, then **THIRTY (30) DAYS** after the filing's receipt, the Clerk **SHALL**, without awaiting any further direction, notify Petitioner his motion, petition, or case has been dismissed without prejudice.

2. The Clerk **SHALL NOT DOCKET** any further filings[6] in this case or any other of Petitioner's closed cases before this Court except for a notice of appeal.  If Petitioner files a notice of appeal, the Clerk **SHALL** forward a copy of this Order, the notice of appeal, and the dismissed complaint to the Eleventh Circuit. Petitioner **SHALL** remain responsible for appellate filing fees, or he may move the Court to grant in forma pauperis ("IFP") status on appeal.  If any of Petitioner's closed cases are reopened pursuant to successful appeal by Petitioner, then the Clerk **SHALL** resume normal docketing procedures for that case only.

3. This Order **shall** also apply to Petitioner's pending response to the Court's Order to Show Cause why a contempt sanction should not be imposed.  The Clerk is **DIRECTED** to docket the forthcoming response under the new miscellaneous case number and forward it to the presiding judge for review.

4. To ensure Petitioner's future filings are properly consolidated for review, the Clerk **SHALL** personally advise each

---

[6] The Court defines "filings" to include motions, papers, letters, complaints, petitions, or any other documents Petitioner seeks to file with the Court.

19

deputy clerk of the Court's ruling in this case and develop a procedure for ensuring all of Petitioner's future filings are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office receives and dockets the papers. Furthermore, a copy of this Order **shall** be filed in all of Petitioner's closed cases.

5. Petitioner may file a motion to modify or rescind the imposition of these restrictions **NO EARLIER THAN ONE (1) YEAR** from the date of this Order.

6. These filing restrictions do not apply to any criminal or civil case in which Petitioner is named as a defendant or to any new, proper application for a writ of habeas corpus.

7. A copy of this Order **SHALL** be forwarded to each judicial officer in this District.

Finally, doc. 48 in <u>Daker v. United States</u>, 6:15-cv-049 (S.D. Ga. Aug. 26, 2024) (a copy of the prior Order to Show Cause, inadvertently docketed as an "Order Imposing Filing Restrictions"), which was apparently mistakenly docketed in that case after the first MC was created, is **VACATED**.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of February, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA